UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-23887-ALTMAN

**COREY SIPKIN PHOTOGRAPHY LLC**,

    *Plaintiff*,

v.

**EL EXTRABASE INC.**,

    *Defendant*.
_____/

## ORDER GRANTING MOTION FOR FINAL DEFAULT JUDGMENT

The Plaintiff, Corey Sipkin Photography LLC, has filed a Motion for Final Default Judgment (the "Motion") [ECF No. 17]. On February 27, 2025, the Clerk of Court entered default [ECF No. 14] against the Defendant, and our review of the record indicates that the Defendant has indeed failed to appear, answer, or otherwise respond to the Plaintiff's Complaint [ECF No. 1].[1] Accordingly, after a careful review of the Motion, the record, and the applicable law, we now **GRANT** the Motion.

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court may enter a final default judgment against any party who has failed to respond to the complaint. But "a defendant's default does not in itself warrant the court entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see also Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) ("[L]iability is well-pled in the complaint and is therefore established by the entry of default.").

---

[1] The parties "reached an agreement" on November 26, 2024. *See* Motion to Reinstate Case [ECF No. 9] at 1. But, after the Defendant "failed to respond to any of Plaintiff's attempts to communicate and finalize the settlement agreement," the Plaintiff moved to reinstate the case. *Ibid*. After holding a settlement conference in which only the Plaintiff appeared, *see* Paperless Minute Entry [ECF No. 11], we ordered the Plaintiff to "move for clerk's entry of default," Paperless Order Denying Motion to Reopen Case [ECF No. 12].

Our review of the record in this case confirms that the Complaint adequately establishes our subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), our personal jurisdiction over the Defendant, and the propriety of venue in this District. We also find that the Complaint sufficiently pleads a violation of 17 U.S.C. § 501 *et seq.* (copyright infringement). The Plaintiff has thus satisfied the requirements for the entry of a final default judgment against the Defendant.

The Plaintiff requests "$21,400.00 in statutory damages" under 17 U.S.C. § 504(c). Mot. at 13. That's "five times the licensing fee for each [of the two] [p]hotograph[s]," which is "$2,140.00 per infringement[.]" Mot. at 11; *see id.* at 4, 13. "Generally, statutory damages are awarded when no actual damages are proven, or actual damages and profits are difficult or impossible to calculate." *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 850–51 (11th Cir. 1990) (first citing *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 231–33 (1952); and then citing *Warner Bros. Inc. v. Dae Rim Trading, Inc.*, 877 F.2d 1120, 1126 (2d Cir. 1989)). "Several courts have found statutory damages are especially appropriate in default judgment cases because the information needed to prove actual damages is uniquely within the infringers' control and is not disclosed." *Clever Covers, Inc. v. Sw. Fla. Storm Def., LLC*, 554 F. Supp. 2d 1303, 1311 (M.D. Fla. 2008) (Presnell, J.); *see also PetMed Express, Inc. v. MedPets.Com, Inc.*, 336 F. Supp. 2d 1213, 1220 (S.D. Fla. 2004) (Cohn, J.) ("Several courts have found statutory damages [e]specially appropriate in default judgment cases due to infringer nondisclosure." (collecting cases)).[2]

---

[2] Under 17 U.S.C. § 412, registration is a prerequisite to the recovery of "statutory damages or of attorney's fees, as provided by sections 504 and 505[.]" 17 U.S.C. § 412. Provided that a work was registered before the infringement or "within [the first] three months after . . . publication," a copyright owner may choose to recover statutory damages instead of actual damages. 17 U.S.C. § 412; *see also id.* § 504(c)(1). Here, the Plaintiff has shown that both works at issue were registered within the first three months after their publication. *See* Mot. at 7–8 ("Photograph 1 was first published on May 22, 2022, and registered with the United States Copyright Office on July 1, 2022. Therefore, Photograph 1 was registered within three months of its initial publication, as required by § 412(2). Similarly, Photograph 2 was published on February 27, 2023, and registered with the United States Copyright Office on March 26, 2023. As such, Photograph 2 was also registered within three months of its first publication,

We've previously said that finding a "reasonable licensing fee" for the image and then multiplying it by five "is an appropriate (and well-accepted) method for determining statutory damages." *Zuma Press, Inc. v. Alivia, LLC*, 2024 WL 4371997, at *3 (S.D. Fla. Mar. 26, 2024) (Altman, J.) (first citing *Aug. Image, LLC v. Auge Internacional Media, LLC*, 2022 WL 20834406, at *4 (S.D. Fla. Nov. 16, 2022) (Altonaga, C.J.) ("Where (as here) willful infringement has occurred, courts will generally look to a plaintiff's actual damages and award three to five times actual damages to properly account for statutory damages."); then citing *Reiffer v. Legendary Journeys, Inc.*, 2019 WL 2029973, at *4 (M.D. Fla. April 10, 2019) (Sansone, Mag. J.), *report and recommendation adopted*, 2019 WL 2029829 (May 02, 2019) (Scriven, J.) (recommending a five-times multiplier); and then citing *Broad. Music, Inc. v. Prana Hosp'y, Inc.*, 158 F. Supp. 3d 184, 199 (S.D.N.Y. 2016) ("[C]ourts in this Circuit commonly award, in cases of non-innocent infringement, statutory damages of between three and five times the cost of the licensing fees the defendant would have paid.")). Here, the "Defendant's conduct—as well as its decision not to defend against Plaintiff's claim—demonstrates that its conduct is willful." *Aug. Image, LLC*, 2022 WL 20834406, at *4; *see also* Compl. ¶¶ 30–31, 36 (alleging "willful" infringement).

"To demonstrate entitlement to a reasonable licensing fee," the Plaintiff may provide "evidence of benchmark licenses, that is, what licensors have paid for use of similar work[.]" *Lorentz v. Sunshine Health Prod., Inc.*, 2010 WL 11492992, at *6 (S.D. Fla. Sept. 7, 2010) (Torres, Mag. J.), *report and recommendation adopted*, 2010 WL 11493070 (S.D. Fla. Nov. 15, 2010) (Moreno, C.J.) (cleaned up). In determining benchmark licensing fees, courts have used evidence from Getty Images, a stock photography agency, "to establish an estimated fair market value of a license for a photograph." Mot. at 6–7 (first citing *Smith v. Paul A. Castrucci, Architects, PLLC*, 2021 WL 930628, at *1 (S.D.N.Y. Mar. 11, 2021) (finding that a similar photograph had a "benchmark licensing fee of $1,680" based on

---

in accordance with § 412(2)."); Ex. 1 to Declaration of Corey Sipkin ("Sipkin Decl.") [ECF No. 17-2] (depicting the registration and publication dates).

evidence submitted from Getty Images, coupled with the plaintiff's sworn declaration); then citing *Cuffaro v. Fashionisto LLC*, 2020 WL 5077449, at *3 (S.D.N.Y. July 9, 2020), *report and recommendation adopted*, 2020 WL 5076826 (S.D.N.Y. Aug. 27, 2020) (crediting evidence of a "similar image" from Getty Images "[a]s a proxy" to establish reasonable estimate of licensing fee on default judgment involving photograph with no licensing-fee history); and then citing *Lorentz*, 2010 WL 11492992, at *6)); *see Zuma Press, Inc.*, 2024 WL 4371997, at *3 (using a "similar" Getty Images photograph to ascertain a "reasonable licensing fee"). The Plaintiff has provided license estimates from Getty Images for closely comparable images—color photographs of the same Major League Baseball players. *See* Declaration of Corey Sipkin ("Sipkin Decl.") [ECF No. 17-1] ¶ 23 ("Attached [as Exhibit 2] is a Getty estimate for two separate photographs of professional Major League Baseball players: one of Chris Bassitt and one of Elieser Hernandez. These photographs would each be licensed for $2,140.00 for the same manner of usage as Defendant used [the Plaintiff]'s Photographs [which are of the same Major League Baseball players]."); Ex. 2 to Sipkin Decl. [ECF No. 17-3] (Getty estimate of similar photographs); *see* Compl. ¶¶ 14, 18 (alleging that the two works are of Chris Bassit and Elieser Hernandez); Ex. 1 to Compl. [ECF No. 1-1] (the photographs at issue, depicting the same players). So, we'll award the Plaintiff $21,400.00 in statutory damages.

The Plaintiff also seeks a permanent injunction, preventing the Defendant "from continuing to store and/or display Plaintiff's Photographs as is set forth in the Complaint[.]" Mot. ¶ 23; *see also* Compl. ¶ 60 ("As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502."). The Copyright Act "gives a court authority to grant injunctive relief to prevent further violations of Plaintiff's copyrighted material." *Markos v. Yacht Charters of Miami.com, LLC*, 2019 WL 8989936, at *4 (S.D. Fla. Oct. 2, 2019) (Torres, Mag J.), *adopted by* 2019 WL 8989935 (S.D. Fla. Oct. 23, 2019) (Scola, J.) (first citing 17 U.S.C. § 502; and then citing *Pacific & Southern Co. v. Duncan*, 744

4

F.2d 1490, 1499 n.17 (11th Cir. 1984)). To obtain a permanent injunction, a plaintiff must show: (1) that it suffered an "irreparable injury"; (2) that the "remedies available at law, such as monetary damages, are inadequate to compensate for that injury"; (3) "that, considering the balance of hardships between the plaintiff and defendants, a remedy in equity is warranted"; and (4) that the "public interest would not be disserved by a permanent injunction." *Broadcast Music, Inc. v. Evie's Tavern Ellenton, Inc.*, 772 F.3d 1254, 1261 (11th Cir. 2014) (quoting *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) (cleaned up)). Upon review of the Motion, we find that the Plaintiff has made a sufficient showing as to all four elements of a permanent injunction.

The Plaintiff also requests reasonable attorneys' fees and costs. *See* Motion at 8–9. We've reviewed the Motion and the Plaintiff's supporting declarations [ECF Nos. 17-4, 17-5, 17-6], and we find that the Plaintiff is entitled to recover some of the fees and costs he's requested. "The Copyright Act of 1976, 17 U.S.C. § 505, provides in relevant part that in any copyright infringement action 'the court may . . . award a reasonable attorney's fee to the prevailing party as part of the costs.'" *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 519 (1994); *see also* 17 U.S.C. § 505 ("In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs."). As a result of the default in this case, the Plaintiff is the prevailing party.

Because we've determined that the Plaintiff is the prevailing party in this case, we must now determine whether the amount of the attorneys' fees the Plaintiff has requested is reasonable. *See* Mot. at 12 (requesting $4,855.00 in attorneys' fees). Here, we're going to cut the Plaintiff's request for fees and costs.

*First*, we find the requested hourly rates unreasonably high. A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably

5

comparable skills, experience, and reputation." *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir. 1997). The Plaintiff requests fees for the following: Craig B. Sanders, a partner who charges $750.00 per hour; Marian V. Quintero, an associate who charges $400.00 per hour; and Julie Busch, a paralegal who charges $150.00 per hour. *See* Declaration of Marian V. Quintero (the "Quintero Decl.") [ECF No. 17-4] ¶¶ 13–16. Just last year, we awarded $700.00 per hour in fees to Mr. Sanders, finding that rate "well within the hourly range for [a] similarly experienced attorney[ ] in copyright-infringement matters." *Zuma Press, Inc.*, 2024 WL 4371997, at *4 (citing American Intellectual Property Law Association 2021 Survey, *Zuma Press, Inc. v. Alivia, LLC*, No. 23-cv-23601 (S.D. Fla. Feb. 21, 2024) (Altman, J.), ECF No. 20-2).[3] So, we'll reduce Mr. Sanders's fees to $700.00 per hour. *See* Time Billing Records [ECF No. 17-5] at 3. We've also previously said that "$250.00 is a reasonable rate for a lawyer practicing copyright law with [Ms. Quintero's] level of experience." *Covey v. Hair Construction, Inc., d/b/a Stylez App, et al.*, 2024 WL 5106790, at *1 (S.D. Fla. June 13, 2024) (Altman, J.) (first citing *BWP Media USA Inc. v. A.R. Commc'ns., LLC*, 2014 WL 5038590, at *6 (M.D. Fla. Oct. 6, 2014) (Spaulding, Mag. J.) (holding that "$225.00 per hour is reasonable" for "the work of an associate" in a copyright case); and then citing *Thompsons Film, LLC v. Velez*, 2014 WL 3721288, at *8 (M.D. Fla. July 28, 2014) (Honeywell, J.) (same)). So, we'll reduce Ms. Quintero's fees for 9.7 hours billed to $250.00 per hour. *See* Time Billing Records at 3. Finally, courts in our District have found "$100.00 per hour" reasonable for paralegal work on a copyright-infringement case.[4] *Markos*, 2019 WL 8989936, at *5; *see also, e.g.*, *Vallejo v. Narcos Prods. LLC*, 2020 WL 6815056,

---

[3] But we note that the average billing rate for a partner with Mr. Sanders's years of experience is $577, and the average for an intellectual property attorney in the "Metro Southeast" is $564, as reflected in the same survey. American Intellectual Property Law Association 2021 Survey, *Zuma Press, Inc. v. Alivia, LLC*, No. 23-cv-23601 (S.D. Fla. Feb. 21, 2024) (Altman, J.), ECF No. 20-2 at 6. So, we're already paying Mr. Sanders more than the survey suggests he deserves.

[4] "A court may award fees for the work of paralegals, but 'only to the extent that [they] perform work traditionally done by an attorney.'" *Hansen v. Deercreek Plaza*, LLC, 420 F. Supp. 2d 1346, 1353 (S.D. Fla. 2006) (Seltzer, Mag. J.) (quoting *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988) (cleaned up)).

at *4 (S.D. Fla. Aug. 24, 2020) (Louis, Mag. J.), *report and recommendation adopted*, 2020 WL 5626635 (S.D. Fla. Sept. 21, 2020) (Smith, J.) (finding, in a copyright infringement case, that a $100.00 paralegal hourly rate is "consistent with this market" (citing *Burgos v. SunTrust Bank, N.A.*, 2020 WL 2299937, at *9 (S.D. Fla. Mar. 31, 2020) (Torres, Mag. J.), *report and recommendation adopted*, 2020 WL 2299936 (S.D. Fla. May 7, 2020) (Martinez, J.) (awarding an hourly rate of $100 for a paralegal))); *but see Corson v. Gregory Charles Interiors, LLC*, 2020 WL 6323863, at *5 (S.D. Fla. Aug. 7, 2020) (Reinhart, Mag J.), *report and recommendation adopted*, Order, *Corson v. Gregory Charles Interiors, LLC*, No. 19-cv-81445 (S.D. Fla. Sept. 15, 2020) (Rosenberg, J.), ECF No. 17 (reducing paralegal rate to "$135.00 per hour" in a copyright-infringement case). So, we'll reduce Ms. Busch's fees for 1.5 hours billed to $100.00 per hour. *See* Time Billing Records at 3.

*Second*, we've carefully reviewed each entry in the submitted billing records, and we find that the hours counsel claims (12.2 hours)[5] are all recoverable. So, the total amount of recoverable attorneys' fees is $3,275.00.

The Plaintiff also seeks to recover a $405.00 case-filing fee and $77.25 in process-server fees, which we find reasonable. *See* Quintero Decl. ¶ 20 (listing the case-filing fee and the service fee); *see also* FED. R. CIV. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."); *Madden v. Just Believe Recovery Ctr., LLC*, 391 F. Supp. 3d 1121, 1127 (S.D. Fla. 2019) (Rosenberg, J.) (allowing the plaintiff to recover a $400 filing fee and $480 in process-server fees). So, the total amount of recoverable costs is $482.25.

Accordingly, we hereby **ORDER and ADJUDGE** as follows:

---

Our review of each entry in the submitted billing records confirms that Ms. Busch performed work "traditionally done by an attorney." *Ibid.*

[5] Mr. Sanders billed one hour on the case, Ms. Quintero 9.7 hours, and Ms. Busch 1.5 hours. *See* Time Billing Records at 2–3.

1. The Plaintiff's Motion for Final Default Judgment [ECF No. 17] is **GRANTED**. In accordance with Federal Rule of Civil Procedure 58, final judgment will be entered separately.

2. The Plaintiff is entitled to judgment against the Defendant in the amount of **$21,400.00** under 17 U.S.C. § 504(c).

3. The Defendant is **ENJOINED** from continuing to copy, store, or display the Plaintiff's copyrighted images under 17 U.S.C. § 502(a).

4. The Plaintiff shall be awarded attorneys' fees and litigation costs in the amount of **$3,757.25** under 17 U.S.C. § 505 and Federal Rule of Civil Procedure 54(d).

5. This case shall remain **CLOSED**. All other deadlines are **TERMINATED**, and any pending motions are **DENIED as moot**.

**DONE AND ORDERED** in the Southern District of Florida on May 19, 2025.

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:  counsel of record